## WILLIAM SOHIER *vs.* NORWICH FIRE INSURANCE COMPANY.

In an action upon a policy of insurance on a theatre, which contains this clause, in connection with the description of the property insured: "This policy not to cover any loss or damage by fire which may originate in the theatre proper," the burden of proof is on the plaintiff to show a loss not originating in the theatre proper.

In such case, if a brick wall of the building becomes so heated from without as to set fire to the woodwork within the theatre, this is not a fire originating in the theatre proper, within the meaning of the policy.

CONTRACT upon a policy of insurance issued by the defendants upon the plaintiff's theatre in Boston. The written part of the policy contained the following clause, in the connection shown more fully in the opinion : " This policy not to cover any loss or damage by fire which may originate 'in the theatre proper."

At the trial in the superior court, before *Ames*, J., a question arose upon the burden of proof, which is fully stated in the opinion.

It appeared by the evidence that a flue had, at the time the theatre was built, been constructed in one of the side brick walls, for a cold air ventilating flue, but that for some three or four years before the fire it had been used as a smoke flue from the furnace of a steam-boiler, situated in a coppersmith's shop adjoining the theatre, and used to furnish steam for a small steam engine in said shop. Evidence was introduced on both sides upon the question whether this flue was safe, and properly constructed for the use to which it had been so appropriated. It was contended that the fire in the furnace of the steam-boiler might have so heated the bricks in the wall of the theatre, between the flue and the inner surface of the wall in the theatre

proper, although the wall might be perfectly tight and free from any crack or imperfection, as to ignite the woodwork in the theatre proper. The defendants contended that if the fire did so originate from the use of the flue for the steam-boiler in the coppersmith's shop, heating the bricks of the wall so as to ignite the woodwork in "the theatre proper," then it was a fire originating "in the theatre proper," and asked the court so to instruct the jury; but the judge refused to do so, and instructed the jury that a fire so originating would not be "a fire originating in the theatre proper."

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. G. Abbott & D. Thaxter*, (*F. Bartlett* with them,) for the defendants, cited, as to the burden of proof, *Vavasour* v. *Ormrod*, 6 B. & C. 432; *Central Bridge* v. *Butler*, 2 Gray, 130; *Gill* v. *Scrivens*, 7 T. R. 27; *Spieres* v. *Parker*, 1 T. R. 141; *Steel* v. *Smith*, 1 B. & Ald. 98; *Latham* v. *Rutley*, 2 B. & C. 20; *Teel* v. *Fonda*, 4 Johns. 304; *Ferguson* v. *Cappean*, 6 Har. & Johns. 394.

*G. A. Somerby*, for the plaintiff, besides some of the foregoing cases, cited *Commonwealth* v. *Hart*, 11 Cush. 130; *Whitwicke* v. *Osbaston*, 1 Lev. 26; *Jones* v. *Axen*, 1 Ld. Raym. 119; *Hotham* v. *East India Co.* 1 T. R. 638; *The King* v. *Hall*, Ib. 320; *The King* v. *Matters*, 1 B. & Ald. 362.

HOAR, J. The plaintiff sues upon a policy of insurance, the material parts of which, so far as the pending question is concerned, are as follows: "By this policy of insurance the Norwich Fire Insurance Company, in consideration of thirty-seven $\frac{50}{100}$ dollars to them paid by the assured hereinafter named, the receipt whereof is hereby acknowledged, do insure *Wm. Sohier* against loss or damage by fire, to the amount of *twenty-five hundred dollars on his brick and slated building known as the National Theatre, situate on Portland Street, Boston, Mass. This policy not to cover any loss or damage by fire which may originate in the theatre proper.*" "And the said company do hereby promise and agree to make good unto the said assured, his executors, &c., all such loss or damage, not exceeding in amount the sum

insured, as shall happen by fire to the property as above specified from" &c. Some provisos against liability for loss by fire which might happen by invasion, riot, and the like, are in a later part of the policy. The clause in italics is written in the policy, the rest of the parts quoted being printed.

The first question raised by the bill of exceptions is, whether the burden of proof was on the plaintiff to show a loss by fire which did not originate within the theatre proper. This depends upon the construction given to the clause, " this policy not to cover any loss or damage by fire which may originate in the theatre proper." If that clause can be regarded as a proviso, that is, a stipulation added to the principal contract, to avoid the defendants' promise by way of defeasance or excuse, then it is for the defendants to plead it in defence, and support it by evidence. But if, on the other hand, it is an exception, so that the promise is only to perform what remains after the part excepted is taken away, then the plaintiff must negative the exception to establish a cause of action.

It is not always easy to determine to which class, whether of provisos or exceptions, a particular stipulation belongs; and this one is certainly very near the line. But after careful consideration the court are of opinion that this was an exception to the subject of the contract, that it put the burden of proof on the plaintiff, and that the ruling at the trial was therefore erroneous.

The qualification of the contract to which the parties agreed is not inserted with any technical formality or precision. But it is found between the statement of what is insured, and the promise to pay in case of loss; in close connection with and qualification of the description of the subject matter of the insurance. The provisos are set forth together in a different part of the instrument. It thus seems to be a direct limitation of the risk against which insurance is effected. The difference would only be a formal one, if, instead of the phraseology actually used, the language of the policy had been, " do insure against loss or damage by fire not originating in the theatre proper."

It would illustrate the operation of the phrase in question, and

show its effect as an exception, if we suppose it applied to the building insured. If the clause in the policy had been, " this policy not to cover any loss or damage by fire to the part of the building used as a theatre proper," or " to the basement," or " to the southerly half of the premises," this would manifestly have been an exception from the subject matter of the insurance. And it is in like manner an exception to the risks taken by the defendants, when, in the same part of the policy in which they insure the risk of fire, and in the same connection, they state, in substance, that it is only fire which does not originate in the theatre proper against which they insure.

The first exception is therefore sustained. Upon the other point taken, we can have no doubt that the ruling at the trial was right. If there was a fire without the wall of the building insured, of such intensity as to heat the wall of the " theatre proper " sufficiently to cause the interior of it to burn, it did not " originate in the theatre proper," but was communicated from without.                              *Exceptions sustained.*